[—— NYS2d ——]

In the Matter of ELLIS S. SIMRING (Admitted as ELLIS STEWART SIMRING), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, February 7, 1994

### APPEARANCES OF COUNSEL

*Robert H. Straus,* Brooklyn *(David C. Y. Cheung* of counsel), for petitioner.

*Ellis S. Simring,* Hollywood, Florida, respondent *pro se.*

### OPINION OF THE COURT

Per Curiam.

By order of the Supreme Court of Florida, dated January 21, 1993, the respondent was disbarred from the practice of law in Florida, effective January 14, 1991.

On March 11, 1993, respondent was personally served in Hollywood, Florida, with a notice pursuant to 22 NYCRR

691.3 (b), informing him of his right to impose certain enumerated defenses to the imposition of discipline in New York. In his reply dated March 20, 1993, respondent maintained that the imposition by this Court of the same discipline imposed in Florida would result in grave injustice and that the misconduct established would be deemed by this Court to warrant a substantially different discipline. By order of this Court, dated July 12, 1993, the petitioner's motion to impose discipline was held in abeyance pending a hearing pursuant to 22 NYCRR 691.3 (d). By order dated August 19, 1993, this Court appointed the Honorable Luigi R. Marano as Special Referee, to hear and report. A hearing was conducted on August 23, 1993.

The Special Referee concluded that respondent failed to meet his burden of showing that the imposition of reciprocal discipline by the New York Court would be unjust.

Based on the evidence adduced, including the transcript of the Florida disciplinary proceeding before the Honorable W. Matthew Stevenson and the exhibits submitted in that proceeding, we conclude that the Special Referee's determination was proper.

Under the circumstances of this case, the respondent is disbarred.

MANGANO, P. J., THOMPSON, BRACKEN, SULLIVAN and PIZZUTO, JJ., concur.

Ordered that the petitioner's motion is granted; and it is further,

Ordered that pursuant to 22 NYCRR 691.3, effective immediately, the respondent, Ellis S. Simring, is disbarred and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall promptly comply with this Court's rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Ellis S. Simring, is commanded to desist and refrain (1) from practicing law in any form, either as principal or agent, clerk or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law.